IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ARVELL C. BASS                                                 PLAINTIFF

v.                              Civil No. 05-3016

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                     DEFENDANT

## REPORT AND RECOMMENDATION

Plaintiff, Arvell C. Bass, appealed to the District Court from the denial of his application for social security disability benefits, by the Commissioner of the Social Security Administration (hereinafter "Commissioner")(Doc. #1). On February 22, 2006, the undersigned prepared and presented a Report and Recommendation to Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas (Doc. # 10). On March 20, 2006, Chief Judge Hendren adopted the Report and Recommendation of the undersigned and remanded this matter to the Commissioner for further consideration (Doc. #11).

Plaintiff's attorneys, A. Noyl Houston and Ronald B. Eskin, filed a Motion For Attorneys' Fees pursuant to the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA"*), on March 31, 2006 (Doc. #12-14), and filed an Amended Motion For Attorneys' Fees pursuant ot the EAJA on May 3, 2006 (Doc. #16). On April 14, 2006, the Commissioner filed her Response (Doc. #15). The undersigned finds this matter is now ready for consideration.

*28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits

was substantially justified. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986).

Plaintiff is the prevailing party in this matter. The Commissioner does not oppose the award of a reasonable attorney's fee under the *EAJA*, the number of hours for which compensation is sought, or the hourly rate requested (Doc. #15). The Court construes this lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985)*.

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker*, 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the

AO72A
(Rev. 8/82)

benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood, 487 U.S. 552, 573 (1988)*. The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The statutory ceiling for *EAJA* fee awards is $125.00 per hour. See *28 U.S.C. § 2 412(d)(2)(A)*. The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B)*. Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)*.

Plaintiff's attorneys request an award under the *EAJA* at $140.00 per hour, for the 28.70 total hours which they assert were devoted to the representation of plaintiff in this Court.

AO72A
(Rev. 8/82)

Counsel Eskin seeks compensation for 26.75 hours. Counsel Houston seeks compensation for 1.95 hours. Plaintiff's counsel seek $140.00 per hour based upon an increase in the cost of living (Doc. #12-14, 16),

The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley v. Eckerhart, 461 U.S. at 437.*

*28 U.S.C.A. § 2412(d)(2)(A)* provides:

"fees and other expenses" includes....reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that....(ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's counsel attached a summary of the May 3, 2006 Consumer Price Index as an attachment to their Motion for Attorneys' Fees (Doc. #16, attachment #3), and thus, has presented sufficient evidence of an increase in the cost of living. Therefore, the argument for increased attorney fees, based on a cost of living increase, has merit.

We further conclude that awarding an enhanced fee in the amount of $140.00 per hour would not only allow a cost of living increase, but would also promote consistency in the *EAJA* awards in the judicial districts of Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, upon consideration of the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $140.00 per hour.

Further, as has been noted, the defendant does not object to the number of hours for which counsel seeks a fee award (Doc. #15). Nonetheless, as always, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization (Doc. #13, attachments

AO72A
(Rev. 8/82)

#1 & 2; Doc. #16 attachments 4 & 5).

Counsel Eskin seeks compensation for: 1.75 hours on March 7, 2005 (reviewed decision and medical records); and, 1.50 hours on March 12, 2005 (legal research, rules, caselaw). Counsel Houston seeks 0.30 hours on March 18, 2005 (phone conference with Ron Eskin, attorney). However, plaintiff's district court case was not filed until March 25, 2005 (Doc. #1). Plaintiff's counsel did not begin work on preparation of the complaint until March 20, 2005 (Doc. #13, attachment #2; Doc #16, attachment #5). Thus, we find that plaintiff's respective counsel is not entitled to compensation for this time, as it was not performed in representation of the plaintiff in the district court. See *Cornella v. Schweiker, 728 F.2d 978, 988 (8th Cir.1984);* see also, *Shalala v. Schaefer, 509 U.S. 292 (1993); Sullivan v. Hudson, 490 U.S. 877 (1989)* (An attorney is entitled to *EAJA* fees for services rendered at the district court level). Accordingly, the 3.25 hours sought by counsel Eskin and the 0.30 hours sought by counsel Houston, alleged for services not performed before the District Court, must be deducted from the total compensable time sought by plaintiff's respective counsel.

**CONCLUSION:**

We find that total deductions from compensable time sought equal 3.55 hours, 3.25 hours from Eskin's time and 0.30 hours from Houston's time. Thus, plaintiff's counsel should receive compensation for a total of 25.15 hours at the rate of $140.00 per hour, or $3,521.00 spent in the representation of this plaintiff before the district court under the *EAJA*. Said compensation should to be allocated as follows: 23.50 hours at the rate of $140.00 per hour, or $3,290.00 to Mr. Eskin; and, 1.65 hours at the rate of $140 per hour, or $231.00 to Mr. Houston.

AO72A
(Rev. 8/82)

The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of May, 2006.

/s/Bobby E. Shepherd
Honorable Bobby E. Shepherd
United States Magistrate Judge

AO72A
(Rev. 8/82)